UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:10-cr-210-T-23TGW
  8:16-cv-2395-T-23TGW

ASHLEY MONCHAE LIGHTSEY
_____/

**O R D E R**

Lightsey's motion under 28 U.S.C. § 2255 (Doc. 1) challenges the sentences for his convictions for distributing cocaine base, possessing a firearm in furtherance of a drug trafficking offense, and possessing a firearm by a convicted felon, for which offenses he is imprisoned for a total of 117 months. Lightsey was convicted and sentenced under a plea agreement. (Doc. 16 in 10-cr-210)

Rule 4, Rules Governing Section 2255 Cases, requires both a preliminary review of the motion and a summary dismissal "[i]f it plainly appears from the face of the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." *Accord Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[*] (finding the summary dismissal of a Section 2255 motion was proper "[b]ecause in this case the record, uncontradicted by [defendant], shows

---

[*] Unless later superseded by Eleventh Circuit precedent, a Fifth Circuit decision issued before October 1, 1981, binds this court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (*en banc*).

that he is not entitled to relief"); *Hart v. United States*, 565 F.2d 360, 361 (5th Cir. 1978) ("Rule 4(b) [Rules Governing § 2255 Proceedings], allows the district court to summarily dismiss the motion and notify the movant if 'it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief . . . .'").  *See United States v. Deal*, 678 F.2d 1062, 1065 (11th Cir. 1982) (citing *Wright* and *Hart*).

The nine-count indictment charged Lightsey with six counts of distributing drugs, one count of possessing a firearm during the commission of a drug trafficking crime, and two counts of possessing a firearm by a convicted felon.  Under the plea agreement, all counts were dismissed except for one count of distributing drugs, one count of possessing a firearm during the commission of a drug trafficking crime, and one count of possessing a firearm by a convicted felon.  Lightsey serves both concurrent terms of fifty-seven months imprisonment for distributing drugs and possessing a firearm by a convicted felon and a mandatory consecutive sixty months for possessing a firearm during the drug trafficking crime.

Lightsey's motion is time-barred.  *See Day v. McDonough*, 547 U.S. 198, 209 (2006) ("[W]e hold that district courts are permitted . . . to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition."), and *Jackson v. Sec'y, Dep't of Corr.*, 292 F.3d 1347, 1349 (11th Cir. 2002) (holding that the district court possesses discretion to *sua sponte* question the timeliness of a petition for the writ of habeas corpus).  The Anti-Terrorism and Effective Death Penalty Act creates a limitation for

a Section 2255 motion. "A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of . . . the date on which the judgment of conviction becomes final . . . ." 28 U.S.C. § 2255(f)(1).

Lightsey's judgment was entered in 2010 (Doc. 27 in 10-cr-210) and his limitation expired one year later in 2011. Lightsey's motion, filed in 2016, is untimely based on a limitation under Section 2255(f)(1), a fact that Lightsey recognizes. To overcome the untimeliness under Section 2255(f)(1), Lightsey asserts entitlement to a new limitation under Section 2255(f)(3), which establishes a limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review . . . ." Lightsey erroneously asserts entitlement to relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015), which *Welch v. United States*, 136 S. Ct. 1257 (2016), applies retroactively. *Johnson* holds unconstitutional the residual clause's definition of a "violent felony" in the Armed Career Criminal Act ("ACCA"), codified at 18 U.S.C. § 924(e). Lightsey was not sentenced under the ACCA. Lightsey's mandatory consecutive sentence is under Section 924(c) for possessing a firearm during a drug trafficking crime. *Johnson* is not directly applicable.

Lightsey argues for extending *Johnson* to the residual clause's definition of a "violent felony" in Section 924(c). Lightsey would not benefit from extending *Johnson* to Section 924(c)'s residual clause because his mandatory consecutive

sentence under Section 924(c) is based on his conviction for a drug trafficking crime, not a violent felony. *See In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016) (rejecting a challenge to a sentence under the ACCA because the predicate convictions included two serious drug offenses). Lightsey's supporting memorandum quotes Section 924(c) as follows (Doc. 2 at 3):

> As relevant here, Section 924(c) states:
>
> any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who in furtherance of any such crime, possess[es] a firearm . . . .

Lightsey's use of an ellipsis after "crime of violence" omits "or drug trafficking crime," the clause that is specifically relevant to Lightsey's sentence under Section 924(c). As a consequence, *Johnson* is inapplicable to Lightsey's Section 924(c) conviction and sentence, which are based on his guilty plea to committing a drug trafficking crime.

Accordingly, the motion under Section 2255 (Doc. 1) is **DENIED** as untimely and *Johnson v. United States*, 135 S. Ct. 2551 (2015), is inapplicable. The clerk must enter a judgment against Lightsey and close this case.

### DENIAL OF BOTH A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS*

Lightsey is not entitled to a certificate of appealability ("COA"). A prisoner moving under Section 2255 has no absolute entitlement to appeal a district court's denial of his motion. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue

a COA.  Section 2253(c)(2) permits issuing a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  To merit a certificate of appealability, Lightsey must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir 2001).  Because the Section 2255 motion is clearly time-barred and because he is not entitled to relief under *Johnson*, Lightsey is entitled to neither a certificate of appealability nor an appeal *in forma pauperis*.

Accordingly, a certificate of appealability is **DENIED**.  Leave to appeal *in forma pauperis* is **DENIED**.  Lightsey must obtain permission from the circuit court to appeal *in forma pauperis*.

ORDERED in Tampa, Florida, on September 8, 2016.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE